**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JACIEL ROCHA, individually and on behalf of similarly situated persons,<br><br>             Plaintiff,<br><br>  v.<br><br>CHIODO CORPORATION *et al.*,<br><br>             Defendants. | Case No. 1:20-cv-1902<br><br>Hon. Steven C. Seeger |

**ORDER GRANTING PLAINTIFF'S AMENDED UNOPPOSED MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THIS MATTER is before the Court on Plaintiff's Amended Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). *See* Dckt. No. 73. Having carefully considered Plaintiff's Amended Unopposed Motion for Final Approval, the Court hereby grants the Motion for Final Approval in part.

The Court ORDERS as follows:

1. The Court finds that, for the purpose of this Settlement,

    a. The requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and a class action is an appropriate method for resolving the disputes in this litigation.

    b. The Class Members are ascertainable and too numerous to be joined. For purposes of settlement, there are questions of law and fact common to all Class Members. Those issues predominate over individual issues, and should be determined in one proceeding with respect to all Class Members.

    c. This class action is appropriate and the superior mechanism for adjudicating and resolving this action.

2. Defendants have complied with all their obligations pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA") with respect to this class action settlement.

3. The Court finds that a total Settlement Amount of $299,505.00 is a fair compromise of highly contested claims, and will provide the Settlement Class members with adequate compensation for their claims in this case, given the contested nature of the claims, complexity of issues involved, assurance of relief for the Class Members, and benefit of obtaining such relief in light of the costs, risks, and delay of trial and appeal. The total Settlement Amount is approved. Pursuant to the terms of the Agreement, this amount will be distributed as follows:

    a. The actual costs of the Settlement Claims Administrator are approved in the amount of $13,752.40.

    b. The proposed Service Payments are approved in the amount of $5,000.00.

    c. The payment of attorney's fees to Class Counsel and reimbursement of Class Counsel's actual costs and litigation expenses is approved in an amount of $69,500 (not $99,382.00).

    d. $44,850.40 of the FLSA Settlement Fund will be distributed to the 171 Authorized Claimants who affirmatively opted-in to the Settlement based on total delivery miles driven by each Authorized Claimant.

    e. The $44,000.00 Rule 23 Class Settlement Fund will be distributed to the 963 Class Members that neither affirmatively chose to opt-in nor out of the Agreement. These individuals will receive an average $45.69 minimum payment and retain all rights under federal law and pursuant to the FLSA's opt-in provisions.

    f. The remaining $122,402 will be held in the Reserve Fund. This amount includes the $23,997.00 initially allocated to the Reserve Fund and the $68,523.30 of unclaimed FLSA funds, plus $29,882 in proposed attorney's fee that the Court elected not to award because they were excessive. Under the terms of the Settlement Agreement, all Settlement Class Members who have neither excluded themselves from the settlement nor Opted-In to the Settlement remain eligible to submit a claim for up to the full amount of their share of the FLSA Settlement Fund from this fund for an additional six months.

    g. Any amounts unclaimed following the expiration of the Reserve Fund period will be retained by Defendants, along with the amount of any checks to Authorized Claimants or Class Members that have not been cashed.

4. The claims are dismissed with prejudice.

Date: November 12, 2021

                                  Steven C. Seeger
                                  United States District Judge